**United States District Court**
For the Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | ***E-FILED - 11/6/14*** |
| ) | |
| v. ) | |
| ) | No.  CR 04-40052-DLJ |
| ) | |
| ) | **ORDER** |
| DAVID CHARLES HILL, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Defendant David Hill ("Hill") pled guilty to a charge of possession with the intent to distribute 27.05 grams of crack cocaine.  Based on his criminal history he was found to be a Career Offender and was sentenced by this Court on January 19, 2007 to a term of imprisonment of 188 months, the low end of the applicable sentencing guidelines set by United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1.

Defendant has filed two motions seeking a reduction in his sentence.  The first motion relied on Amendments 706 and 713 to the Sentencing Guidelines.  Amendment 706 established a two level reduction of the Base Offense Levels (BOL) set for crack cocaine in U.S.S.G. §2D1.1, and was made retroactive by Amendment 713.

The second motion was premised on a reduction of the statutory penalties for crack cocaine offenses in the Fair Sentencing Act of 2010 ("FSA"), which became effective on August 3, 2010.  The FSA crack cocaine sentence reductions were conformed to the Guidelines by the Sentencing Commission in Amendments 748 and 750, and were thereafter made retroactive by the Commission in

Amendment 759.

Having considered the extensive briefing in this matter and the relevant case law, the Court hereby denies defendant's motions.

**I.     Factual Background and Procedural History**

On March 11, 2004, Hill was charged with possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Hill entered into a Rule 11(c)(1)(C) plea agreement with the government in which Hill agreed that he was a Career Offender. Pursuant to this plea, his BOL was to be calculated pursuant to the provisions of U.S.S.G. §4B1.1.

On January 19, 2007, at Hill's sentencing hearing, the Court found on the record that the amount of cocaine base defendant had admitted possessing was 27.05 grams. Based on that amount, the Court noted that while the guideline calculation under U.S.S.G. § 2D1.1 would be at BOL 28, the calculation here was "subsumed" by the Career Offender Guideline in U.S.S.G. §4B1.1, and "the fact that he is in that status changes his Base Offense Level to Level 34 in accordance with the instructions in the Guideline."

The Court found that defendant was entitled to a three level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and with defendant in Criminal History Category VI, under U.S.S.G. §4B1.1(b), the resulting sentencing range was 188 to 235 months.  Pursuant to the plea agreement, the Court sentenced

United States District Court

For the Northern District of California

Hill to the low end of the guidelines range, 188 months.  He is currently serving that sentence.

On March 20, 2009, the Court held a hearing on defendant's motion to reduce the sentence.  At that hearing the Court noted that Hill's case was somewhat different than many cases seeking a sentencing reduction under Amendment 706, because Hill was a Career Offender, and the applicability of the sentencing reduction to those with Career Offender status had not been clearly addressed in the cases discussing reductions under Amendment 706 generally. Due to the unsettled state of the law as to the meaning of the term "based on" as used in §3582(c)(2), the Court agreed to defer its ruling on the motion.[1]

On March 31, 2011, Hill filed a Supplemental Motion for Resentencing based on the significant statutory changes to the crack cocaine sentencing regime wrought by enactment of the FSA. The Court held a further hearing on this matter on March 2, 2012 and additional briefing was filed by way of a pleading styled as an additional motion to amend the sentence on October 9, 2012, which defendant Hill filed in *pro se.*  Given the enactment of the FSA by Congress and the decision of the Sentencing Commission to make its conforming amendments to the Guidelines retroactive, this Court

---

[1]The Court offered at the hearing: "Why don't we just defer this and give you an opportunity to submit whatever else you would like. And then you can sort of keep me up to date in terms of what is happening, and we can leave this open for as long as you want." <u>See</u> Transcript of 3/20/09 hearing at 16:12-15.

3

again deferred ruling on this motion to consider any relevant developments of law.  It now appears that there have in fact been extensive reductions of crack cocaine sentences based upon retroactive application of the new law, but it also appears that settled law makes it clear that Hill is not eligible for sentence reduction, so the Court has decided to proceed with this Order.

**II.  Discussion**

In <u>Wesson v. United States</u>, 583 F.3d 728 (9th Cir. 2009), the defendant had been sentenced in 2012 for a crack cocaine trafficking offense and sought to have his sentence reduced pursuant to the application of Amendments 706 and 713 to 18 U.S.C. § 3582(c)(2). ("3582(c)(2)").  That section makes a defendant eligible for a sentence reduction in cases where the defendant meets two conditions: (1) "the sentence is based on a sentencing range that has been lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  At his sentencing, Wesson had been found by the court to be a Career Offender, and his BOL had been set at 34 pursuant to § 4B1.1.  Wesson argued that he was eligible for a reduction because the BOL set by the Drug Quantity Table in § 2D1.1 for the quantity of drugs he had possessed had been lowered by the Sentencing Commission in Amendment 706 and made retroactive by Amendment 713.  The Ninth Circuit found that he was

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

not eligible for such a reduction as his sentence had been based on § 4B1.1, rather than § 2D1.1, with the result that he did not meet the requirements of 3582(c)(2) that his sentence must be "based on a sentencing range that had been lowered by the Sentencing Commission."  The court explained that § 2D1.1 uses the "quantity of drugs" to set its BOLs, whereas § 4B1.1 uses "statutory maximums" for the same purpose.  The court then found that § 2D1.1 and § 4B1.1 are "alternate sentencing schemes" which are "mutually exclusive."

Defendant Hill contends that a recent decision of the Supreme Court, Freeman v. United States, 131 S.Ct. 2185 (2011), supports his motion.  In that case, the Supreme Court found that there were circumstances where the sentence of a defendant who had been convicted of a crack cocaine offense and who was a Career Offender within § 4B1.1 could nevertheless be found to be "based on" the Guidelines established in § 2D1.1.  Freeman was a plurality decision of the Court established by the concurrence of Justice Sotomayor with the result that the concurring opinion is the controlling decision in the case.  Justice Sotomayor stated that in order to reach the decision that the sentence was "based on" § 2D1.1, there must be a plea agreement which "expressly uses a Guideline sentencing range applicable to the charged offense to establish the term of imprisonment," and that sentencing range was subsequently amended.  In Hill's case, there was no such agreement

and <u>Freeman</u> does not apply.  In addition, in a later decided case, <u>U.S. v. Pleasant</u>, 704 F.3d 808 (9th Cir. 2013), the Ninth Circuit has found that <u>Freeman</u> does not apply to a case with the same factual background as Hill.

In <u>Pleasant</u>, defendant was indicted for possessing, with intent to distribute, crack cocaine in violation of 21 U.S.C. § 841(a)(1). He pled guilty pursuant to a Rule 11(C)(1)(c) plea agreement and, in doing so, admitted that he had possessed over twelve grams of crack cocaine. The plea agreement recognized that the correct guideline calculation would qualify Pleasant for sentencing under the Career Offender guidelines (U.S.S.G. § 4B1.1), but provided instead that he should not be sentenced as a Career Offender but that he should be sentenced at the low end of the guidelines applicable to crack cocaine offenses in U.S.S.G. § 2D1.1(c). The district court accepted the 11(C)(1)(c) recommendation and sentenced according to the plea agreement by granting a variance from the Career Offender guidelines, and, consistent with the 2D1.1 Guidelines, sentenced Pleasant to 77 months imprisonment in March 2009.

Following the enactment of the FSA, and promulgation of Amendments 750 and 759, Pleasant filed a "Notice of Eligibility" for a reduction of sentence under 18 U.S.C. § 3582(c)(2). The government responded that the guidelines applicable to Pleasant were the Career Offender guidelines, which had not been amended,

and so he was not entitled to a reduction.  The district court, relying on Freeman v. United States, held that Pleasant's original sentence was "based on" the crack cocaine guidelines in 2D1.1, and granted Pleasant's motion.

On appeal, the Ninth Circuit reversed, analyzing Pleasant's eligibility as follows.  A defendant is eligible for a sentence reduction if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines...." U.S.S.G. § 1B1.10(a)(1). The court held that while the "applicable to" language from the policy statement appears to mirror the "based on" language of the first prong in 3582(c), each of these prongs requires a separate analysis. See Wesson, 583 F.3d at 730, 732.

To answer that inquiry, the Ninth Circuit held in Pleasant that the court must look to Application Note 1(A) of § 1B1.10(a)(1), as set forth in Amendment 759, which clarifies that § 3582(c)(2) "is triggered only by an amendment ... that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)." U.S.S.G. § 1B1.10 cmt. n.1(A)(2011).  Under those circumstances, the Pleasant court ruled that the defendant is precluded from lowering his sentence. See United States v. Wesson,

583 F.3d 728, 731 (9th Cir.2009); see also United States v. Waters, 648 F.3d 1114, 1118-19 (9th Cir. 201).


Here, at sentencing the Court specifically sentenced defendant Hill under the Career Offender guidelines of § 4B1.1 without any reference to § 2D1.1.  Hill was sentenced within those guidelines.  There was no departure, no variance.  The sentence was "based on" the 4B1.1 guideline.  The Guideline range determined before any departure or variance was the 4B1.1 range which is therefore "applicable to" the sentence.     There is an additional reason to deny the defendant's motion to reduce his sentence.  When the Sentencing Commission decides that retroactivity is warranted, the process requires that the particular areas of the law to be made retroactive are specifically identified.  In order to accomplish that, in Amendment 759, the Commission amended § 1B1.10(c) of the Guidelines Manual, which is a policy statement dealing with "Reduction in Terms of Imprisonment as a Result of Amended Guidelines Range," to specifically list "750 (parts A and C only)" as "covered amendments."  Part A of Amendment 750 is the Drug Quantity table of § 2B1.1 after it has been amended to conform with the changes made by the FSA.  Part C deals with a revision to 2D2.1.  Amendment 759 makes no reference to 4B1.1.  The result of this action by the Sentencing Commission is that any consideration of retroactivity is limited to amendments to 2D1.1,

8

United States District Court

For the Northern District of California

and excludes cases when the sentencing guideline used was 4B1.1. The final amendment to 1B1.10(c) is a policy statement issued by the Sentencing Commission and any sentence reduction which is not consistent with this policy would violate § 3582(c)(2).  The only guideline used in this sentence was 4B1.1 which means that Hill is not eligible for a sentence reduction as he does not meet the requirements of 3582(c)(2).

The interplay between §§ 2D1.1 and 4B1.1, the FSA and the Amendments adopted by the Sentencing Commission which is decided by the Wesson and Pleasant cases essentially controls the outcome of this case, but the Court believes that some further discussion of that interplay is warranted.  Every sentence imposed after the Sentencing Reform Act of 1984 requires the Court to identify and consider two basic subject matters – the characteristics of the offense of conviction and the characteristics of the offender. Both of the Sentencing Guidelines we have been considering have the same purpose and the same role in the sentencing process – they establish the characteristics of the offense involved by setting specific hierarchical Base Offense Levels for each offense.

When the Sentencing Commission promulgated Amendments 748 and 750 it amended the Drug Quantity Table in 2D1.1 to conform with the FSA by changing the drug quantity threshold to trigger the 5 year mandatory minimum from 5 to 28 grams and the triggering quantity for the 10 year mandatory minimum from 50 to 280 grams and assigned

the Base Offense Levels for the entire Drug Quantity Table by extrapolation from these triggering levels. The sentencing ranges in 2D1.1 then have been lowered by promulgation of the new Drug Quantity Table and then made eligible for retroactivity when the Sentencing Commission promulgated Amendment 759. Amendments 748 and 750 made no change to the text of 4B1.1 which assigned Base Offense levels for Career Offenders by reference to the statutory maximum sentence for the underlying offense involved, and 4B1.1 is not referenced in Amendment 759.

Although the Sentencing Commission makes no reference to 4B1.1 in its 748, 750 and 759 Amendments, and although the appellate cases on 4B1.1 and retroactivity do not explore the subject matter, it appears to this Court that the FSA itself has a clear and significant effect on 4B1.1 which we should consider. Both 2D1.1 and 4B1.1 use drug quantities in establishing the BOLs to be used in sentencing. The Drug Quantity Table in 2D1.1 is obviously based entirely on drug quantity, and, although 4B1.1 uses statutory maximums to set the applicable BOLs, those statutory maximums themselves are based on drug quantities. The basic drug offense in 21 U.S.C. § 841 has three levels of statutory maximums which are triggered by the same drug quantities that trigger application of mandatory minimums. The highest level in the present 841(b)(1)(A) of 280 grams (the pre-FSA quantity was 50 grams) triggers both a statutory maximum of life and a mandatory

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

minimum of 10 years.  The middle level of 28 grams (pre-FSA was 5 grams)triggers the statutory maximum of 40 years and a mandatory minimum of 5 years.  The lowest level of any quantity, less than 28 grams (pre FSA 5 grams) has a statutory maximum of 20 years set in 841(b)(1)(c).  In each case the sentencing minimum and maximum (under 20; 5 to 40; and 10 to life) are established in Sec. 841 and do not depend on the Drug Quantity Table of 2D1.1.  To use this instant case as an example, at the time of the original sentence, the defendant, Hill, with a drug quantity of 27.8 grams of crack cocaine was in 841(b)(1)(B) facing 5 to 40 years.  Under 4B1.1 his statutory maximum of 40 years put him in BOL 34.  His sentencing range with the BOL reduced to 31 by acceptance of responsibility, and his Criminal History Category at VI as set by 4B1.1 was 188 to 235 months.  If Hill were to be sentenced today he would be in 841(b)(1)(C) at no more than 20 years as his drug quantity of 27.8 grams is below the triggering amount of 28 grams for a 5 to 40 sentence under 841(b)(1)(B).  With a statutory maximum of 20 years, Hill would have a BOL of 32 under 4B1.1.  That level would be reduced by 3 for acceptance of responsibility to a BOL 29, and with a criminal history category VI, his sentencing range would be 151 to 188 months.  As far as this Court can see, then, the defendant Hill has been sentenced under a "sentencing range that has been subsequently lowered" within 3582(c)(2) by operation of law rather than by action of the Sentencing Commission.

United States District Court

For the Northern District of California

There is a further oddity that can be noted.  There is one circumstance where the correct Guideline calculation for a crack cocaine Career Offender would be a BOL under 2D1.1 rather than 4B1.1.  The highest BOL in the 4B1.1 table is 37.  The Drug Quantity Table in 2D1.1, however, assigns a BOL of 38 to its highest offender.  The Sentencing Commission has assigned that level, post FSA, to an offender with a drug quantity of 8.4 or more kilograms of crack cocaine, the drug quantity was 1.5 or more kilograms at the time Hill was sentenced.  Section 4B1.1 instructs a sentencing court to use the 4B1.1 BOL whenever it exceeds the offense level that would ordinarily apply. Ordinarily that would require the Court to use the 4B1.1 BOL rather than the 2D1.1 BOL. The sentencing court is not told explicitly what to do if the 2D1.1 BOL exceeds the 4B1.1, but the necessary implication is that the court would use the highest level.  That means that the correct guideline for a Career Offender crack cocaine defendant at the highest level set by the Guidelines would be BOL 38 under 2D1.1 rather than BOL 37 under 4B1.1, and the defendant would have a criminal history category of VI as directed by 4B1.1.

This is an even greater oddity when one notes that this means a § 2D1.1, BOL 38 Career Offender crack cocaine defendant would appear to be eligible for retroactivity consideration of his sentence under 3582(c)(2) and U.S.S.G. §1B1.10 because his sentence would be based on 2D1.1, rather than 4B1.1.  When viewed as a

12

United States District Court

For the Northern District of California

whole, it would appear to this Court that Guidelines 2D1.1 and 4B1.1 are complementary parts of the sentencing system rather than mutually exclusive parts.

In his latest papers, Hill argues that the recent <u>Dorsey</u> decision of the Supreme Court supports his position and that failure to grant him eligibility for retroactive application of the FSA would deprive him of his constitutional right to Equal Protection of the law.  In <u>Dorsey v. United States</u>, 567 U.S._____, 132 S.Ct. 2321 (2012), the Supreme Court considered whether Dorsey could be granted the benefit of retroactive application of the FSA where he had committed a crack cocaine offense before August 3, 2010, the effective date of the statute, but he had been sentenced after that date.  The Savings Act of 1871 (1 U.S.C. § 109) generally requires that new criminal statutes be applied prospectively only, unless Congress makes them retroactive expressly or by necessary implication in a subsequent enactment.  <u>See</u> <u>Great Northern R. Co. v. United States</u>, 208 U.S. 452 (1908).  The Supreme Court, citing that the manifest intent of Congress in enacting the FSA was "to restore fairness to Federal cocaine sentencing," found "by necessary implication," that the FSA should be applied retroactively to unsentenced defendants.  Hill argues that <u>Dorsey</u> should be read to extend retroactivity to cases where the sentence had taken place before August 3, 2010.  The Supreme Court rejected this argument when it was made to them.  In this

13

United States District Court
For the Northern District of California

case, Hill was sentenced before the FSA was enacted and there is nothing to show that Congress intended the FSA to apply to such cases.

The defendant also argues that failure to extend the benefit of retroactivity would deprive him of his right to Equal Protection of the law.  He does not, however, define how treating him differently than other offenders because he has a different criminal history than the others, gives rise to an Equal Protection violation.  Different sentencing outcomes based on different criminal histories is one of the core principles of Guideline sentencing.  Additionally, he does not provide any evidence that the Congress or the Sentencing Commission acted with any intent or purpose to discriminate against him.  In his present pleading, Hill has not established the case for any claim that his Equal Protection rights have been violated.

Because Hill is not eligible for a reduction, the Court has no discretion in this matter and thus 18 U.S.C. § 3553(a) factors do not come into play.  The Court has carefully reviewed the extensive materials submitted by Hill and while the Court is without authority in this matter to reduce Hill's sentence sincerely commends him for his post incarceration efforts and the direct steps he has taken towards his rehabilitation, and would it have had the discretion to lower his sentence, would certainly have taken these impressive efforts into consideration.

**United States District Court**
For the Northern District of California

### III. CONCLUSION

It is a fact that the Sentencing guideline used in the sentencing of David Hill was 4B1.1.  Under Ninth Circuit law, in such cases as <u>Wesson</u> and <u>Pleasant</u>, that fact precludes him from using 3582(c)(2) to reduce his sentence.

The 4B1.1 guideline used in his sentence has been lowered by the subsequently enacted FSA.  There is, however, no Ninth Circuit precedent to support the claim that under such circumstances he has satisfied the "guideline has been lowered" prong of 3582(c)(2). Even if such a claim were to be deemed to be established, inasmuch as 4B1.1 is not listed in 1B1.10(c) as a "covered amendment," Hill can not establish the "consistent with a policy statement" prong of 3582(c)(2).

Accordingly, the Motions to Reduce the Sentence imposed in this case are DENIED.

### IV.  POST

The FSA and the related Amendments to the Guidelines were intended to remedy the unfair, excessive and discriminatory effects of the crack cocaine sentencing regime enacted in 1986.  Thousands of crack cocaine offenders have had their sentences reduced by judges exercising the authority provided by those measures.  The remediation, however, is not complete.  Present law excludes defendant Hill and a number of other crack cocaine offenders, from remedial relief on the sentence they are serving, based on the

15

United States District Court
For the Northern District of California

1 intricacies of the law related to retroactivity.  There is,
2 however, a present program being administered by the Department of
3 Justice where a reduced sentence request for an offender like this
4 can be considered and granted in appropriate cases, by way of
5 Executive Clemency.  Hill has submitted such an application and it
6 may be that this is the method by which his claim, that his
7 sentence is the product of an unfair system, can be resolved.
8
9
10
11          IT IS SO ORDERED
12
13
14
15 Dated:  10/31/14
16                                     D. Lowell Jensen
17                                     United States District Judge
18
19
20
21
22
23
24
25
26
27
28

16

1

2   Copy of Order E-Filed to Counsel of Record:

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California